IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, § § § | | |
| Plaintiff, § § § | | |
| v. § § | | |
| COMAL TRACE HOMEOWNERS ASSOCIATION, CHRIS ELDRIDGE, BRYAN D. "DOUG" LIPPERT, JANE LIPPERT, JOSEPH CAMPBELL, ANITA CAMPBELL, RONALD McKINNON, and COMAL TRACE HOMEOWNERS ADVOCACY GROUP, § § § § § § § § § § | CIVIL ACTION. NO. <u>1:16-cv-1019</u> | |
| Defendants. § § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), and files this its Original Complaint For Declaratory Judgment against Defendants Comal Trace Homeowners Association, Inc. ("Comal"), Chris Eldridge, Bryan D. "Doug" Lippert, Jane Lippert, Joseph Campbell, Anita Campbell, and Ronald McKinnon ("Individual Defendants"), and in support thereof will show the Court as follows:

# I.
# PARTIES

1.  Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") is a Pennsylvania citizen. PIIC is as a Pennsylvania corporation with its principal place of business in Pennsylvania. PIIC is licensed to conduct business in the State of Texas.

2.	Defendant Comal Trace Homeowners Association ("the Association") is a Texas citizen.  The Association is a Texas non-profit corporation whose membership is comprised of property owners and residents of Comal Trace, with its principal place of business in Texas.

3.	Bryan Lippert and Jane Lippert ("the Lipperts") are Texas citizens who own property in Comal Trace at 187 Lost Creek Drive, Bulverde, Texas, 78163.

4.	Joseph Campbell and Anita Campbell ("the Campbells") are Texas citizens who own property in Comal Trace as 210 Crescent Lane, Bulverde, Texas, 78163

5.	Ronald McKinnon ("McKinnon") is a Texas citizen who owns property in Comal Trace at 170 Alvin's Way, Bulverde, Texas, 78163.

## II.
## JURISDICTION AND VENUE

6.	The jurisdiction of this Court exists under 28 U.S.C. §1332 of the Federal Rules of Civil Procedure based upon the diversity of citizenship of Plaintiff and Defendants, and the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

7.	Venue is properly maintained in this Court because it is the judicial district where a substantial part of the events and omissions giving rise to the claims occurred and in which the underlying state court lawsuit that is the basis of this suit is pending.

## III.
## FACTS

8.	This case involves PIIC's duty to indemnify the Association for a Judgment entered in *Bryan D. "Doug" Lipper, Jane Lippert, Joseph Campbell, Anita Campbell, Ronald McKinnon and Comal Trace Home Owners Advocacy Group, as Plaintiffs, and Comal Trace Homeowners Association, as Defendants*, case number C-2014145, in the 274th Judicial District Court, Comal County, Texas (the "Underlying Lawsuit.").

9. The Underlying Lawsuit involves claims made by the individual homeowners against the Association for injunctive relief, declaratory relief, damages, and attorneys' fees. After a nearly 3 ½ week trial, the jury returned a verdict in favor of the homeowners. The jury's verdict was received on July 1, 2016. The trial court entered its Judgment on August 25, 2016 ("the Judgment"). According to the Judgment, "the declaratory relief sought by all Plaintiffs was properly brought under the Declaratory Judgment Act (Chapter 37 of the Texas Civil Practices and Remedies Code)."

10. The Judgment ordered permanent injunction against the Association on multiple bases. For example, the judgment ordered that the Associate is enjoined from conducting any further meetings of its Board of Directors unless and until it has provided at least 72 hours' notice to its members or has otherwise complied with 209.0051 of the Property Code. The Association is also permanently enjoined from failing to conduct its proceedings and affairs in open public meetings unless justified going into executive session as narrowly set forth in of the Texas Property Code.

11. The Judgment ordered specific declaratory relief in favor of the Lipperts. Among the relief, the Judgment declares that the Lipperts may now erect and maintain a cedar panel wood privacy fence. The Judgment also awarded attorneys' fees to the Lipperts in connection with their claims against the Association under the Declaratory Judgment Act in the amount of $168,000.00. In addition, in the event of unsuccessful appeals of the Judgment by the Association, the Lipperts are entitled to recover up to an additional $15,000 in conditional attorneys' fees.

12. The Judgment also ordered damages to the Lipperts. According to the Judgment, the Association wrongfully excluded the Lipperts from the open board of directors' meeting on

January 27, 2015, intentionally interfered with the Lipperts' peaceful use and enjoyment of the Lipperts Property, and defamed the Lipperts. The Judgment ordered mental anguish damages to Jane Lippert in the amount of $12,500 and Doug Lippert in the amount of $12,500 as a result of these actions by the Association.

13.     The Judgment ordered declaratory relief in favor of the Campbells. For example, the Judgment ordered that two denials issued by the Association's management company on behalf of the Association or its Architectural Control Committee ("ACC") with respect to screening the Campbells' RV on their property are void. The Judgment also awarded attorneys' fees to the Campbells in connection with their claims against the Association under the Declaratory Judgment Act in the amount of $102,000.00. In addition, in the event of unsuccessful appeals of the Judgment by the Association, the Campbells are entitled to recover up to an additional $15,000 in conditional attorneys' fees.

14.     The Judgment also ordered damages to the Campbells. The Judgment declared that the Association intentionally interfered with the peaceful use and enjoyment of the Campbells' Property and defamed the Campbells. The Campbells were found to have sustained mental anguish damages and additional storage costs relating to their RV as a proximate result one or more of such actionable wrongful conduct by the Association. The Judgment ordered mental anguish damages to Joe Campbell in the amount of $10,000 and Anita Campbell in the amount of $10,000 as a result of these actions by the Association. The Judgment also ordered that the Association must pay the Campbells $3,000.00 for storage charges.

15.     The Judgment ordered specific declaratory relief in favor of the McKinnon. For instance, the Judgment that the various attempts by the Association or its ACC to deny McKinnon his proposed side set back variance of 14 feet to build a 14 by 16 foot structure are

rendered void. The Judgment also awarded attorneys' fees to McKinnon in connection with his claims against the Association under the Declaratory Judgment Act in the amount of $51,000.00. In addition, in the event of unsuccessful appeals of the Judgment by the Association, McKinnon is entitled to recover up to an additional $15,000 in conditional attorneys' fees.

16.     The Judgment also ordered damages to McKinnon. The Judgment declared that the Association defamed McKinnon, proximately causing him damages, among other things, by falsely accusing him of criminal misconduct. The Judgment ordered mental anguish damages to McKinnon in the amount of $10,000.00 as a result of these actions by the Association.

## IV.
## THE POLICY

17.     PIIC issued a comprehensive commercial insurance package to its insured, Comal Trace Homeowners Association, under policy number PHPK1045747 with effective dates of 08/08/20131 to 08/08/2014 (the "Policy"). The Policy provides Commercial General Liability Coverage with limits of insurance of $1,000,000 per occurrence for bodily injury and property damage liability, and for personal and advertising injury. The Policy contains the following relevant terms, conditions, provisions, exclusions, and endorsements:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or' suit" that may result....

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence"....

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a.  We will pay those sums that the insured be-comes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

       (1)    The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

       (2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medi¬cal expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

   b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions**

   This insurance does not apply to:

   a.  **Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

   b.  **Material Published With Knowledge Of Falsity**

> "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity

* * *

### SUPPLEMENTARY PAYMENTS — COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

* * *

   e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

* * *

## SECTION V - DEFINITIONS

. . .

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

  f. The use of another's advertising idea in your "advertisement"; or

  g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it....

## V.
## JUSTICIABLE INTEREST

18. PIIC provided a defense to the Association in the Underlying Lawsuit under a complete reservation of its rights under the Policy. However, PIIC denies that it has any duty to provide indemnity to the Association for the Judgment.

19. PIIC seeks a declaration as to its obligations, if any, to the Association for the Judgment.

20. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. §2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

# VI.
# COUNTS

A. **Count I – Declaratory Relief – The Policy does not provide indemnity for the awards of attorneys' fees because they are not damages because of bodily injury or property damage.**

21. PIIC alleges and incorporates by reference the allegations found in paragraphs 1 to 20 above.

22. The PIIC Policy insuring agreement states:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

23. The Judgment ordered attorneys' fees to the Lipperts, Campbells, and McKinnon in connection with their claims against the Association under the Declaratory Judgment Act (Chapter 37 of the Texas Civil Practices and Remedies Code).

24. The Judgment did not order attorneys' fees to the Lipperts, Campbells, and McKinnon "because of 'bodily injury' or 'property damage'" or "because of 'personal and advertising injury'."

25. Because the attorneys' fees ordered in this Underlying Lawsuit were not damages "because of 'bodily injury' or 'property damage'," PIIC is entitled to a declaration that the Policy does not provide coverage for the attorneys' fees ordered in the Judgment.

B. **Count II – Declaratory Relief – The Policy does not provide coverage for the awards of attorneys' fees because they are specifically excluded by the Policy's supplementary payments provisions.**

26. PIIC alleges and incorporates by reference the allegations found in paragraphs 1 to 25 above.

27. The Policy contains a "Supplementary Payments" section that specifically states:

    1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

* * *

    e.    All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

28. To the extent the attorneys' fees ordered in this Underlying Lawsuit were taxed against the Association, PIIC is entitled to a declaration that the Policy does not provide coverage for the attorneys' fees ordered in the Judgment.

### C. Count III – Declaratory Relief – The Policy does not provide indemnity for the mental anguish damages.

29. PIIC alleges and incorporates by reference the allegations found in paragraphs 1 to 28 above.

30. The Judgment ordered that homeowners Bryan Lippert, Jane Lippert, Joseph Campbell, Anita Campbell, and McKinnon are each entitled to mental anguish damages. The Judgment orders these damages to each homeowner based upon multiple actions by the Association against each homeowner, including intentional interference with the peaceful use and enjoyment of property.

31. The Policy does not provide coverage for damages resulting from the intentional inference with the peaceful use and enjoyment of property.

32. Coverage A of the Policy does not provide coverage for mental anguish damages if there is no physical injury.

33. Because the Judgment does not allocate between noncovered and covered damages, the Policy does not provide insurance coverage for the mental anguish damages.

**D.     Count IV – Declaratory Relief – The Policy does not provide indemnity for the storage charges.**

34.     PIIC alleges and incorporates by reference the allegations found in paragraphs 1 to 33 above.

35.     The Policy's insuring agreements provide insurance coverage for damages because of "bodily injury," "property damage," and "personal and advertising injury."

36.     The Judgment ordered that the Association must pay the Campbells $3,000.00 for storage charges resulting from the Association's failure to approve the Campbell's screening of the RV on their property.

37.     Because the storage charges are not damages because of "bodily injury," "property damage," or "personal and advertising injury," PIIC is entitled to a declaration that the Policy does not provide insurance coverage for these storage damages.

## VII.
## PRAYER

38.     For the reasons stated, Plaintiff prays that Defendants be cited to appear herein and that upon trial of this case, Plaintiff's be awarded judgment as follows:

> (1).     A declaration that it has no duty to indemnify Defendant Comal Trace Homeowners Association, Inc. in the underlying suit under the terms of policy number PHPK1045747;
>
> (2).     Costs of Court;
>
> (3).     All such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By: s/ R. Brent Cooper
    **R. BRENT COOPER**
    State Bar No. 04783250
    Brent.cooper@cooperscully.com
    **ROBERT J. WITMEYER**
    State Bar No. 240911174
    Rob.witmeyer@cooperscully.com
    **TARRON L. GARTNER-ILAI**
    State Bar No. 18686175
    Email:  Tarron.Gartner@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:   (214) 712-9500
Telecopy:    (214) 712-9540
**ATTORNEYS FOR PLAINTIFF, PHILADELPHIA INDEMNITY INSURANCE COMPANY**