IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| COMAL TRACE HOMEOWNERS ASSOCIATION, CHRIS ELDRIDGE, BRYAN D. "DOUG" LIPPERT, JANE LIPPERT, JOSEPH CAMPBELL, ANITA CAMPBELL, RONALD McKINNON, and COMAL TRACE HOMEOWNERS ADVOCACY GROUP, | § § § § § § § § § | CIVIL ACTION. NO. 1:16-cv-1019-SS |
| Defendants. | § | |

_____

**PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**
_____

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Plaintiff" or "PIIC") and files this its Consolidated Response to Defendants' Motions to Dismiss, and in support thereof would respectfully show the Court as follows:

## I.
## INTRODUCTION

1. This case involves PIIC's duty to indemnify Comal Trace Homeowners Association (the "Association") and Chris Eldridge under a Commercial General Liability policy for a Judgment entered in *Bryan D. "Doug" Lippert, Jane Lippert, Joseph Campbell, Anita Campbell, Ronald McKinnon and Comal Trace Home Owners Advocacy Group, as Plaintiffs,*

*and Comal Trace Homeowners Association, as Defendants*, case number C-2014145, in the 274th Judicial District Court, Comal County, Texas (the "Underlying Lawsuit").

2. On November 8 and 10, 2016, Defendants Comal Trace Homeowners Association, Bryan D. "Doug" Lippert, Jane Lippert, Joseph Campbell, Anita Campbell, Ronald McKinnon, and Comal Trace Homeowners Advocacy Group (collectively "Defendants") filed three separate Motions to Dismiss the current lawsuit for Lack of Subject Matter Jurisdiction. With this Response, Plaintiff requests this Court DENY Defendants' Motions to Dismiss and instead abate this case pending: (1) final judgment in the Underlying Suit; or (2) motion of any party upon proper legal grounds requesting the stay to be lifted.

## II.
## FACTUAL BACKGROUND

3. The Underlying Lawsuit involves claims made by the individual homeowners as to the interpretation and applicability of the Declaration of the Conditions, Covenants and Restrictions as established by the Association. Claims were originally made against the Association and Chris Eldridge ("Eldridge"), the former President of the Association. Claims against the Comal Trace Homeowners Association resulted in a Judgment. On November 23, 2016, the Association filed a Notice of Appeal.

4. The claims against Eldridge were dismissed on summary judgment on the basis of statutory immunity, and were severed and appealed. On May 11, 2016, the Court of Appeals reversed the trial court's ruling on the Defendants' claims against Eldridge. Eldridge filed a motion for reconsideration, which was denied on October 12, 2016. The court of appeals found that whether Eldridge acted in good faith as a volunteer President of the Association – the legal standard for statutory immunity under state and federal law – was a question of fact and

remanded the matter back to the trial court for further proceedings. As of the time of this filing, the claims against Eldridge remain unresolved.[1]

### III.
### ARGUMENTS AND AUTHORITIES

**A.       Dismissal Under Rule 12(b)(6) Is Improper**

5.       Fed. R. Civ. P. 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. When a district court reviews the sufficiency of a complaint under Rule 12(b)(6), before it receives any evidence either by affidavit or admission, its task is inevitably limited. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court need not consider whether a plaintiff will ultimately prevail, but only whether the claimant is entitled to offer evidence to support its claims. *Id*. In considering a 12(b)(6) motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1255 (5th Cir.1986). Dismissal is improper unless it is beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *Hughs v. Rowe*, 449 U.S. 5, 10 (1980); *Kaiser Aluminum & Chem Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir.1982). Thus, in order to succeed on their Motion to Dismiss, the Lippert Defendants must show that there is no interpretation of the facts set forth in the PIIC's complaint under which it could succeed. *Conley*, 355 U.S. at 45–46. Defendants cannot meet this heavy burden.

---

[1] Because the claims against Eldridge remain pending at the trial level, PIIC may seek to lift the stay in the present case in order to seek a ruling as to its duty to defend should later pleadings preclude PIIC's defense obligations. Should the same facts also negate the duty to indemnify, PIIC may further seek the stay to be lifted in order for to litigate its duty to indemnify. *Farmers County Mutual Ins. Company v. Griffin*, 955 S.W.2d 81 (Tex. 1997) (providing that the duty to indemnify may be ripe before determination of the insured's liability where the same facts negate both the duty to defend and the duty to indemnify).

6. PIIC has adequately stated a claim against Eldridge. It has named him in the suit and intends for him to be bound by the declaratory judgment it seeks. Moreover, Defendants claim deficiencies only as to PIIC's claims against Eldridge. Even if PIIC's claims against Eldridge are not adequately pled, this would certainly not affect PIIC's well-pled allegations against all of the other Defendants, including the Lippert Defendants themselves. Defendants cite no cases supporting the contention that 12(b)(6) dismissal is appropriate for all claims against multiple Defendants where only claims against a single Defendant are inadequately pled. As such, dismissal under Rule 12(b)(6) is inappropriate.

### B. Dismissal Under 12(b)(1) Is Improper

7. A motion under Rule 12(b)(1) should not be granted unless it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5 Cir. 1998). The court's analysis of a Rule 12(b)(1) motion is made under the same standard as a motion to dismiss under Rule 12(b)(6). *See, e.g., Montgomery v. The U.S. Army Corps of Engineers*, 128 F.Supp.2d 433, 435 (S.D. Tex. 2001). When deciding a 12(b)(1) motion to dismiss, a court must construe the facts alleged in the complaint in the light most favorable to the plaintiff. *Peoples State Bank v. Garrett*, 142 F.R.D. 438, 439 (N.D. Tex. 1991). The Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County*, 836 F.2d 921, 926 (5th Cir. 1998).

8. At least two federal courts (including the Western District of Texas) have indicated that the issue of an insurer's duty to indemnify must be *abated*—not dismissed— during the pendency of an appeal where a judgment entered in the underlying lawsuit has been

superseded. *See Lopez v. Canal Ins. Co.*, 2015 WL 5097358 (W.D. Tex., August 28, 2015); *Chartis Specialty Ins. Co. v. JSW Steel (USA), Inc.*, 2015 WL 4378366 (S.D. Tex., July 8, 2015). In this case, PIIC has agreed to collateralize the bond necessary to supercede the underlying judgment. As such, abatement, and not dismissal, is the appropriate remedy.

FOR THESE REASONS, Plaintiff requests that this Court DENY Defendants' Motions to Dismiss and instead abate this case pending either: (1) final judgment rendered in the Underlying Suit; or (2) motion by any party upon proper legal grounds that the stay should be lifted, and for such other further relief to which it may be entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: *s/ Tarron L. Gartner-Ilai*
 **R. BRENT COOPER**
 State Bar No. 04783250
 Brent.cooper@cooperscully.com
 **TARRON L. GARTNER-ILAI**
 State Bar No. 18686175
 Tarron.gartner@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

**ATTORNEYS FOR PLAINTIFF,
PHILADELPHIA INDEMNITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court for the Western District of Texas, using the electronic filing system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Tom L. Newton, Jr.
Allen Stein & Durbin, PC
6243 IH-10 West, Suite 700
San Antonio, Texas 78201

Peter L. Kilpatrick
Langley & Banack, Inc.
Trinity Plaza II, Ninth Floor
745 East Mulberry
San Antonio, Texas 78212-3166

Christopher J. Weber
9150 Dietz-Elkhorn Road
Fair Oaks Ranch, Texas 78015

                *s/ Tarron L. Gartner-Ilai*
                **TARRON L. GARTNER-ILAI**